Hely, J.
A. Introduction
The plaintiff Microfilm Services, Inc. seeks a declaratory judgment regarding the fees charged by three Registers of Deeds in the Commonwealth for microfilm copies of the Registers’ microfilm copies of books of deeds and other instruments. There is no dispute that the Registers’ microfilm copies of the books are public records. The dispute is about how much the Registers can lawfully charge for providing the plaintiff with a microfilm copy. The court concludes that the controlling statute and regulations are G.L.c. 66, §10(a) and 950 CMR 32.06(l)(b) and (2). Under this statute and the regulations the Registers may charge up to twenty-five cents per page provided that twenty-five cents per page does not exceed a reasonable fee based on the individual register’s good faith estimate of the applicable copying, search time and segregation time fees to be incurred for the copy request.
The plaintiff has moved for summary judgment. The Registers claim some need for discovery, and alternatively they ask for summary judgment in their favor. No discovery is necessary on the primary questions of law in this case. Partial summary judgment is appropriate on these law questions. This partial summary judgment decision may be sufficient to resolve any remaining dispute between the parties.
B. The Fees Established by G.L.c. 262, §38, Do Not Apply to a Microfilm Copy of a Microfilm Copy of a Deed Book
G.L.c. 36, §15, requires each Register of Deeds to “make duplicate microphotographic process copies of all books in his registry in which deeds, certificates of title and other instruments have been recorded or entered.” Microfilm Services has requested the Register of Deeds in Norfolk County, Plymouth County and Barnstable County to provide it with a microfilm copy of all of the Registers’ microfilm copies of the deed and instrument books that the Registers make and maintain under this statute.
The Registers’ answer and their summary judgment memoranda contend that the fee for such microfilm copies must be one dollar per page under G.L.c. 262, §38, second paragraph, first sentence. In his response to Microfilm Services’ request for microfilm copies, the Norfolk County Register of Deeds initially asserted the *112 one dollar per page rate set by G.L.c. 262, §38. According to the affidavits, there are approximately 1200 to 2400 pages of conveyancing records on one roll of microfilm. If the proper fee rate is one dollar per page, the fee for one roll of microfilm is, approximately $1,200 to $2,400.
Microfilm Services petitioned the Supervisor of Public Records for a compliance order. See G.L.c. 66, §10(b). The Supervisor of Public Records concluded in a compliance order that the fee for microfilm copies of the Register’s microfilm copies of deed and instrument books is not controlled by G.L.c. 262, §38. In a later compliance order by the Attorney General, the Attorney General reached the same conclusion on this point. The court independently reaches the same conclusion.
G.L.c. 262, §38, is concerned with the fees to be charged by Registers of Deeds for recording and providing copies of deeds, mortgages, conveyances and similar instruments. The second paragraph of G.L.c. 262, §38, establishes the following copy fee: “For all copies except photostat copies, at the rate of one dollar a legal page of two hundred and twenty-four words.”
The land conveyancing instruments that G.L.c. 262, §38, applies to are nearly always submitted to the Registers in the form of paper documents. The statutory fee language plainly contemplates paper originals and paper copies. The statute repeatedly refers to “pages” and “page” in setting the recording and copying fees. The “one dollar a legal page” language relied on by the Registers even includes a qualifying phrase based on the number of words: “a legal page of two hundred and twenty-four words.” G.L.c. 36, §15, on the other hand, deals with microfilm copies of entire deed books. Considering the language of two statutes in the context of the recording and copying of individual paper deeds and instruments, the court concludes that G.L.c. 262, §38, does not establish any fee rate that is applicable to providing a microfilm copy of a microfilm copy of an entire book of deeds.
C. A Fee of Up to Twenty-Five Cents Per Page Is Lawful Under 950 CMR 32.06(1 )(b) Provided that Twenty-Five Cents Per Page Is a Reasonable Fee Based on the Register’s Good Faith Estimate.
G.L.c. 66, § 10(a), requires that in response to a request of any person the custodian of a public record shall furnish one copy thereof upon payment of a “reasonable fee.” Under the authority of G.L.c. 66, §1, the Supervisor of Public Records has adopted regulations to implement the public record law provisions of G.L.c. 66. The regulation governing fees for copies of public records, 950 CMR 32.06, includes the following provisions:
(1) Except where fees for copies of public records are prescribed by statute, a governmental entity shall charge no more than the following fees for copies of public records:
(b) for copies of public records maintained on microfilm or microfiche no more than .25 per page;
(f) for copies of public records not susceptible to ordinary means of reproduction, the actual cost incurred in providing a copy may be assessed.
(2) Estimates. A custodian shall provide a written, good faith estimate of the applicable copying, search time and segregation time fees to be incurred prior to complying with a public records request where the total costs are estimated to exceed ten dollars.
The court has concluded earlier in this decision that the fee for a microfilm copy of a microfilm copy of a deed book is not prescribed by statute. Microfilm Services contends that a “reasonable fee” for a copy under G.L.c. 66, §10(a), must therefor be limited to the “actual cost” of a copy as stated in Section 32.06(1)(f) of the above regulation. The Registers contend that if the one dollar per page statute is not applicable then the fee is controlled by the twenty-five cents per page maximum in Section 32.06(1)(b) of the regulation. The Registers are correct on this point. The regulation contains in Section 32.06(1)(b) a maximum rate of twenty-five cents per page that is explicitly designed to apply copies of records “maintained on microfilm.” Since microfilm records are specifically controlled by Section 32.06(1)(b), they cannot reasonably be construed to be within the remainder category of records that are “not susceptible to ordinary means of reproduction” under Section 32.06(1)(f).[1]
The regulation in 950 CMR 32.06(1)(b) provides that a governmental entity shall charge no more than twenty-five cents per page for public records maintained on microfilm. Under this regulation a fee of up to twenty-five cents per page is presumptively reasonable. The regulation was lawfully promulgated by the Supervisor of Public Records under the authority granted by the Legislature in G.L.c. 266, §1. In establishing maximum reasonable fees for certain types of records, the regulation in 950 CMR 32.06(1)(b) lawfully permits the Registers to consider all the costs of providing full and reliable access to copies of registry records for the broad class of registry users that includes the plaintiff. See Emerson College v. Boston, 391 Mass. 415, 424-27 and n. 16 (1984). On the undisputed facts the plaintiff has failed to demonstrate that the regulation permitting a twenty-five cent per page maximum fee is contrary to the General Laws or exceeds the Supervisor’s authority under the General Laws.
The Registers must also comply with 950 CMR 32.06(2). This regulation requires the record custodian to provide the requester with a “written, good faith estimate of the applicable copying, search time and segregation time fees” whenever the total costs of compliance with a record request are estimated to exceed ten dollars. The Attorney General has correctly *113 instructed the Registers to comply with this good faith estimate requirement.
Finally, 950 CMR 32.06(1)(b) and 950 CMR 32.06(2) must be applied consistently with the statutory “reasonable fee” limit in G.L.c. 66, §10(a). The Registers must comply with two ceilings, both the twenty-five cent maximum in 950 CMR 32.06(1)(b), and the “reasonable fee” maximum in G.L.c. 66, §10(a). Under the statute a Register may charge twenty-five cents per page for a microfilm copy only if twenty-five cents per page is not more than a “reasonable fee.” If a “reasonable fee” would be less than twenty-five cents per page, the Register cannot charge more than what he determines to be a reasonable fee considering the individual Register’s “written, good faith estimate of the applicable copying, search time and segregation time fees” to be incurred for complying with the microfilm copy request at that registry. G.L.c. 66, § 10(a); 950 CMR 32.06(2). The time and the costs for copying, searching and segregating requested microfilm records may vary with each registry depending on many factors such as outside contract costs, employee pay rates and estimates of the amount of time involved. The “good faith estimate” language in 950 CMR 32.06(2) necessarily implies that the Register is afforded a range of discretion in making his estimate of a reasonable fee for a particular registry.[2]
D. Order
Partial summary judgment is ordered in accordance with the rulings in this Memorandum of Decision. These rulings are binding on the parties, although a judgment will not enter immediately. A pretrial conference will be held with counsel and the present justice on May 24, 2001, at 3:00 p.m. to determine whether there will be any remaining good faith dispute that will require' a trial, and if so what discovery, if any, will be appropriate. Counsel are instructed to confer on these and any other outstanding issues prior to the conference with the court.

 With appropriate deference to the Supervisor’s interpretation of the regulation, the court cannot accept the interpretation that subsection 32.06(1)(f) applies to microfilm records rather than subsection 32.06(1)(b). The Attorney General’s interpretation is legally correct on this point.

 It should be noted that the Registers are wide of the mark when they argue that a declaratory judgment by the court would interfere with the Attorney General’s prosecutorial or enforcement discretion. The court is not compelling or interfering with any enforcement decision of the Attorney General. It is the duty of the court to interpret the General Laws and the Code of Massachusetts Regulations in the case of an actual controversy lawfully brought before the court by a declaratory judgment plaintiff. G.L.c. 231A, §1-9; G.L.c. 66, §10(b) (“. . . nor shall the administrative remedy provided by this section in any way limit the availability of judicial remedies otherwise available to any person requesting a public record”).
The Registers also have no genuine need for discovery regarding the plaintiffs costs. The plaintiffs potential profits are not material to the issues of the correct application of the statutes and regulations to registry fees for microfilm copies.